UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER TUTTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:07-cv-1238-DFH-JMS |
| ) | |
| SMC CORPORATION OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

ENTRY ON MOTION TO ENFORCE SETTLEMENT

On June 26, 2008, Judge Lawrence conducted a settlement conference in this case with the parties and counsel. The result of that conference was a handwritten sheet signed by plaintiff Tuttle, her lawyer, a lawyer for defendant, and a representative of defendant. Defendant's counsel then prepared a more formal settlement agreement, which plaintiff has refused to sign. Defendant has moved to enforce the handwritten agreement. Plaintiff has opposed the motion.

The district court has inherent authority to enforce a settlement agreement reached in litigation pending before it. *Carr v. Runyan*, 89 F.3d 327, 331 (7th Cir. 1996); *Wilson v. Wilson*, 46 F.3d 660, 667 (7th Cir. 1995). If the existence or terms of the agreement are in doubt, an evidentiary hearing may be needed to resolve disputes or ambiguities. *Sims-Madison v. Inland Paperboard and Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004); *Wilson*, 46 F.3d at 664.

-2-

The court finds that the handwritten sheet signed by both parties and their counsel on June 26, 2008 is enforceable, and there is no need for an evidentiary hearing in this case. First, there is no dispute about the existence or terms of this agreement. Nor is there any issue about agency, as sometimes arises. Cf. *Carr v. Runyan*, 89 F.3d at 332 (affirming finding that attorney had apparent authority to settle, even though evidence was in dispute concerning actual authority). All parties, including Tuttle herself, signed the key document with the terms. In opposition to defendant's motion, she and her counsel point out only (a) that she wishes to revoke the agreement and (b) that the more formal document that defense counsel submitted to plaintiff and her counsel included a clause that would have given the plaintiff a specified period in which to revoke the agreement. Neither point is sufficient to warrant an evidentiary hearing, let alone to set aside the agreement the parties actually reached.

First, there is no indication or evidence that the parties did not intend the June 26th written agreement to be binding or that they intended to provide plaintiff some time in which to revoke her consent. Second, plaintiff's reliance on the clause in the proposed formal agreement is misplaced because the parties never actually agreed upon those terms. They did agree, it is undisputed, on the terms set forth on the June 26th written agreement, which were final and binding, even though the parties contemplated signing later a more elaborate agreement.

The terms were sufficiently clear and detailed, and there is no argument to the contrary.[1]

The court also received two letters directly from plaintiff in which she asserted that she signed the June 26th settlement agreement "under duress." See Docket Nos. 31 and 41.  These attempts at *ex parte* communication were inappropriate, and the conclusory label of "duress" adds nothing to plaintiff's assertion that she now regrets having agreed to the terms of the settlement.

Accordingly, defendant's motion to enforce the June 26th settlement agreement is hereby granted.  Defendant shall deliver the agreed sum in two checks (with payments reported on IRS Form 1099, as agreed) to plaintiff's counsel, and shall notify the court that such delivery has been made.  The court will then dismiss this action with prejudice.  The other terms of the June 26th agreement shall also then take effect without further action by the court:  release of all claims that either party had against the other as of June 26, 2008; plaintiff will not be eligible for rehire by defendant; the parties agree not to disparage one another; defendant will give plaintiff a neutral reference for new prospective employers; and the parties shall keep the payment term of the settlement confidential, with liquidated damages equal to plaintiff's share of the settlement.

---

[1] The parties agreed to keep the terms of the settlement confidential, but the dispute puts confidentiality at some risk.  The handwritten sheet lists six terms, and only the amount of money seems to be sensitive.

So ordered.

Date:  August 29, 2008

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jennifer Tuttle
9308 Bob Drive
Indianapolis, Indiana  46236

Gregory W. Guevara
BOSE MCKINNEY & EVANS, LLP
gguevara@boselaw.com

Adam  Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

David L. Swider
BOSE MCKINNEY & EVANS, LLP
dswider@boselaw.com

Michael T. Wallace
ROBERTS & BISHOP
mwallace@roberts-bishop.com

Emily L. Yates
BOSE MCKINNEY & EVANS, LLP
eyates@boselaw.com